(112 App. Div. 738)

STONY WOLD SANATORIUM v. KEESE et al.

(Supreme Court, Appellate Division, Third Department. May 2, 1906.)

TAXATION—REMEDIES OF TAXPAYERS—RECOVERY OF TAXES PAID—ACTION—
QUESTION FOR JURY.

In an action by a corporation, incorporated for hospital purposes, to recover taxes paid, on the ground that they were paid on real estate exempt from taxation, under the Tax Law, Laws 1896, p. 797, c. 908, § 4, subd. 7, exempting real estate held by such a corporation, and on which it is in good faith contemplated to make improvements, *held*, a question for the jury whether the land involved was in good faith contemplated to be used for hospital purposes.

Cochrane, J., dissenting.

Appeal from Trial Term, Franklin County.

Action by the Stony Wold Sanatorium against Daniel Keese and others. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Reversed and new trial granted.

The defendants are assessors of the town of Franklin, in the county of Franklin. In 1903 they assessed real property of the plaintiff for the sum of $26,540. Thereafter property was sold in payment of the tax levied through such assessment, of the stipulated value of $1,148.29. This action is brought to recover this amount from the assessors, on the ground that the property assessed was exempt property. Upon the trial the verdict of the jury was directed by the court for the plaintiff for the amount claimed. From the judgment entered upon this verdict, and from an order denying a motion for a new trial, this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Benjamin L. Wells, for appellants.

J. P. Badger, for respondent.

SMITH, J. By subdivision 7 of section 4 of the Tax Law (chapter 908, p. 797, Laws 1896), the real property of a corporation or association organized exclusively for hospital purposes and used exclusively for carrying out thereon one or more such purposes, and the personal property of any such corporation, shall be exempt. The section further provides:

"The real property of any such corporation or association entitled to such exemption held by it exclusively for one or more of such purposes and from which no rents, profits or income are derived, shall be so exempt, though not in actual use therefor by reason of the absence of suitable buildings or improvements thereon, if the construction of such buildings or improvements is in progress, or is in good faith contemplated by such corporation or association."

It is still further provided that the real property of any such corporation not used exclusively for carrying out thereon one or more of such purposes, but leased or otherwise used for other purposes, shall not be exempt; but, if a portion only of any lot or building of any corporation is used exclusively for carrying out thereupon one or more of such purposes of any corporations, then such lot or building shall be so exempt only to the extent of the value of the part so used and the remaining part shall be subject to taxation. The plaintiff is a

corporation incorporated for the purpose of maintaining a hospital for the cure of consumptives. Exemption is claimed for 1,742.7 acres, consisting of about 1,300 acres of land and 450 acres of water, upon which land the plaintiff had erected some buildings. The cost price of this property was $122,600. This land is divided into nine lots of about 200 acres per lot, situated about and including Lake Kushaqua. The main buildings are all situated in a group upon lot 296 occupying a space of approximately 200 feet square. There are four or five cottages strung along the shore of the lake from the main building. There was a piggery there at the time of the trial, which was not in existence in 1903 when the assessment was made. There are sewage disposal plants occupying about one-quarter acre. The farthest building north is only about one-half mile from the farthest building south. There were in 1903, and are now, no buildings whatever upon five of these lots. At the time of the assessment in 1903 plaintiff had only three acres out of this vast tract of 1,742.7 acres under cultivation. These three acres were upon lot 307. It has now only about eight acres under cultivation upon said lot, and five acres upon lots 265 and 266. This land is mountainous, marshy, of light sandy loam, and not well adapted to farming purposes. The tract is all wild and wooded and is situated in the Adirondack Mountain forest. One witness swears:

"It is woods for a number of miles to the west, 10 miles unbroken forest; to the east for 3 miles; to the north unbroken for miles, forest almost unbroken; and to the south the same thing; with the exception of fire-slashes for 30 or 40 miles in a direct course."

It will thus be seen that in 1903, when this assessment was made, a very small part of this property was in actual use for hospital purposes, and the exemption of the balance of the land upon which no improvements were then in progress can only be claimed on the ground that such improvements "were in good faith contemplated" by the plaintiff corporation. If we assume from the argument that the defendants were without jurisdiction to assess that part of the premises which are claimed to be exempt, by reason of the fact that their use was contemplated in good faith for hospital purposes, nevertheless a fair question seems to be presented for the jury as to the contemplated use in good faith of this vast amount of wild forest land by the plaintiff. The learned judge at the trial term has held as matter of law that none of this assessment was authorized, and that the entire property was exempt. It will be hardly profitable to discuss in detail in this opinion the evidence as to the necessity or contemplated use of the part of this property that was lying at a distance from the plaintiff's buildings. It can hardly be said as matter of law that all of this property is necessary that the air may be kept pure, or that it is all necessary to prevent noises and dust, when the plaintiff has located its sanitorium between two railroads and within about 200 feet of one of them, or that it is all necessary as a wind brake when they have located their sanitorium upon a high eminence, and a very small part only of this forest could in any event operate as such wind brake. Dr. Pryor, an enthusiastic witness sworn for the plaintiff, testified that all of this land will be needed "if you intend to have a

farm colony. If you intend to take up the question which you will absolutely be obliged to take up, because that is the problem of the day, keeping these people there and letting them work until you are sure you have a recovery—if you intend to do all that, yes. If you do not intend to do that, no." The only patients admissible to this institution under the charter are consumptive women and children, male children only under 12 years of age. At the most the jury should say whether this forest land which must first be cleared was held in good faith for farms for these women and children. Whether all of this land were in good faith contemplated to be used for hospital purposes is in our judgment a question of fact, and not a question of law, and this fact can only be resolved as against these assessors by the verdict of a jury.

The assessment was not made upon the tract as a whole, but upon the nine lots separately. All but $1,540 of the aggregate assessment of $26,540 was upon lot 298 on which the main and several of the smaller buildings, besides the waterworks, are situated. While a comparatively small part of the area of the entire tract only was included in this lot, the greater part of the assessable value and of the assessment was there. There is no conflict in the evidence that this lot upon which plaintiff had been assessed for $25,000 was used exclusively for hospital purposes. It was therefore exempt as a matter of law, and the defendants were without jurisdiction to assess it. This is true also as to several of the other nearby lots; the proof being undisputed that they were occupied or used in one way or another solely for the plaintiff's purposes at the time of the assessment. The defendants therefore had no right to assess such lots and were trespassers in so doing. There was a question of fact to submit to the jury, however, as to whether the plaintiff in good faith contemplated using the four or five outlying lots assessed at a valuation of from $150 to $220 each for hospital purposes, and a new trial must be granted to the end that the defendants' liability for the assessment of those lots may be determined.

It follows that the judgment and order should be reversed and a new trial granted, with costs to appellants to abide event. All concur, except PARKER, P. J., not voting and COCHRANE, J., dissenting.